21657

G. Raymond McELVEEN and Jack Clareman, Appellants, v. John Q. BRUNSON, d/b/a Cosmic Wave Skateboard Park and B & B Skateparks, Inc., Owen Steel Company, Inc.; Gifford-Hill and Company, Inc.; Stanley Smith & Sons, Inc.; Plowden Construction Company, Inc.; Hardaway Concrete Company, Inc.; John W. Walker, d/b/a Walker Laboratories; and Commercial Credit Corporation, of whom Stanley Smith and Sons, Inc. is, Respondent; and PLOWDEN CONSTRUCTION COMPANY, INC., Plaintiff, v. John Q. BRUNSON, et al., Defendants-Respondents.

(298 S. E. (2d) 152)

*G. Raymond McElveen, Jr.,* of McElveen & McElveen, Columbia, *for appellants.*

*F. Glenn Smith,* Columbia, *for respondent.*

March 3, 1982.

NESS, Justice:

Appellant, McElveen, appeals an order declaring an improvement on realty not to be subject to his mortgage on the premises. We reverse.

This action arose when McElveen sold a tract of land to Brunson for $65,000. Ten thousand dollars was paid in cash and the remainder secured by a purchase money mortgage which was properly recorded with the county clerk of court. The mortgage clearly states that it covers the land with improvements.

Subsequently at Brunson's request, respondent Smith constructed a building on the premises for use as a skateboard park. According to the statement of the case, its purchase was secured by a mechanics lien and an agreement between Smith and Brunson which provided that Smith would retain title to this building as mortgagor of personal property. McElveen was not a party to this agreement but knew of Brunson's intent to build a skateboard park on the land.

Brunson defaulted on both notes and McElveen proceeded to foreclose on both the land and the building. Respondent counterclaimed alleging his entitlement to remove the building. The master held McElveen has a first lien over the land and improvements. The circuit court overruled the master's report and determined title to the building to be controlled by the agreement between Smith and Brunson, and that it was not subject to appellant's mortgage.

The only issue for determination here is whether appellant's mortgage covered the improvements made on the real estate.

Generally "where improvements which become a part of the freehold are put upon the mortgaged premises, either by the mortgagor or a purchaser from him, such improvements become subject to the lien of the mortgage, and constitute a part of the security for the mortgage debt." *Gilbert, et al. v. Easterling, et al.*, 217 S. C. 267, 273, 60 S. E. (2d) 595 (1950). However, in *Easterling* a dwelling house was

erected on mortgaged premises by the landowner. The court allowed the landowner to remove the building on default since the mortgagee had given his consent and approval to the agreement which provided for removal. Here, we have no consent, notice or agreement by the mortgagee, McElveen, thus, the general rule applies.

We hold the building erected by Smith to be subject to appellant's mortgage and reverse.

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.